IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WENDY NASSAR** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:05CV367LG-RHW** |
| | § | |
| **ACADEMY SPORTS & OUTDOORS** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S § 1981 CLAIM AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THIS COURT is the Motion of Defendant Academy Sports & Outdoors for Summary Judgment pursuant to FED. R. CIV. P. 56 [11], filed in the above-captioned cause on February 16, 2006. The Plaintiff has not filed a response. In this action, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, the Plaintiff contends that the Defendant discriminated against her based upon her gender, and retaliated against her after she complained about discriminatory conduct and again after she filed an EEOC complaint. For the reasons set forth below, the Plaintiff's § 1981 claim should be dismissed, and the Defendant's motion for summary judgment on Plaintiff's Title VII claims should be granted.

### FACTS AND PROCEDURAL HISTORY

The Plaintiff, Wendy Nassar, began working for Academy as a Cashier Supervisor[1] at the Gulfport store in October 1999. Nassar was subsequently transferred to the position of Receiving Associate, and in December 2003, was transferred to the position of Inventory Control Specialist ("ICS"). In August 2004, Nassar sought a promotion to the position of

---

[1] According to Nassar's complaint, she was hired as a Cashier Supervisor. Academy, however, asserts that she was hired as a Line Cashier and later promoted to Cashier Supervisor.

Manager in Training ("MIT"), but Academy did not select her for promotion. Feeling aggrieved for not receiving the promotion, Nassar submitted a grievance via email to the Human Resources Manager, Jim Perkins, on August 26, 2004.

In November 2004, after Nassar received a poor evaluation from the Store Director, Academy transferred Nassar from ICS to the position of Line Cashier. On December 23, 2004, Nassar filed a complaint with the EEOC regarding Academy's failure to promote her to MIT. In January 2005, Academy promoted Nassar to the position of Cashier Supervisor. On April 1, 2005, however, Academy terminated Nassar's employment because she allowed "her brother-in-law to use her employee discount to purchase items from Academy at a substantial discount." (Def.'s Br. in Supp. of Mot. for Summ. J., p. 3, filed Feb. 16, 2006.)

Nassar filed her complaint in this Court on July 29, 2005, alleging that Academy discriminated against her based upon her gender by failing to promote her to MIT in August 2004, and by demoting her to Line Cashier in November 2004. Nassar also claims that Academy retaliated against her by demoting her after she submitted a grievance concerning Academy's failure to promote her to MIT. In addition, Nassar claims that Academy retaliated against her by terminating her employment after she filed a complaint with the EEOC. Academy filed this motion on February 16, 2006, seeking judgment as a matter of law on Nassar's claims. As noted above, Nassar has not responded to the motion.

## DISCUSSION

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. In effect, Rule

56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists."  *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Catrett*, 477 U.S. at 324-25, 106 S.Ct. at 253-54.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

PLAINTIFF'S CLAIM PURSUANT TO 42 U.S.C. § 1981:

In her complaint, Nasser asserts that her claims are brought pursuant to 42 U.S.C. §§ 1981 and 2000e.  "To establish a section 1981 claim, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute; in this case, the making and enforcing of a contract."  *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (citation omitted).  Nassar has not alleged racial

discrimination; her § 1981 claim must therefore be dismissed.

TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. 2000e, *et seq.*:

*Failure to Promote Claim Based Upon Sex Discrimination:*

Nassar contends that Academy discriminated against her based upon her sex by failing to promote her to the position of Manager in Training. Title VII prohibits an employer from discriminating against an individual "'because of such individual's race, color, religion, sex, or national origin.'" *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999), *quoting* 42 U.S.C. § 2000e-2(a)(1). "To survive a motion for summary judgment, a Title VII plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence." *Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.26 668 (1973). To establish a prima facie case on her failure to promote claim, Nassar must establish that "(1) she was not promoted, (2) she was qualified for the position she sought, (3) she was within the protected class at the time of the failure to promote, and (4) either the position she sought was filled by someone outside the protected class or she was otherwise not promoted because of her sex." *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 179-80 (5th Cir. 1999), *citing Bennett v. Total Minatome Corp.,* 138 F.3d 1053, 1060 (5th Cir.1998) (addressing age discrimination formulation). "Once this prima facie case has been established, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged employment action." *Pratt*, 247 F.3d at 606, *citing McDonnell Douglas*, 411 U.S. at 802-04. "If such a showing is made, the burden shifts back to the plaintiff to demonstrate that the articulated reason was merely a pretext for

4

discrimination." *Pratt*, at 606 (citation omitted).

Academy does not dispute that Nassar can establish the first and third elements because Nassar was not promoted to the position of Manager in Training, and Nassar was within a protected class at the time. Academy argues that Nassar cannot establish a prima facie case because she cannot demonstrate that she was qualified for the position of Manager in Training, or that the position was filled by someone outside the protected class. According to Academy, Nassar was not qualified for a promotion to MIT because she performed poorly in her position as an Inventory Control Specialist. In support of its contention, Academy provided thirteen correctives for Nassar that she received during the time she was employed by Academy, one of which was received by Nassar in her position as Inventory Control Specialist in March 2004.

As noted above, Nassar has not responded to this motion, and therefore, the Court must rely upon the allegations in her complaint to determine whether she can establish a prima facie case of discrimination. In her complaint,[2] Nassar alleges that she applied for the MIT position but Academy gave the position to a male applicant who was less qualified than she. Nassar does not state that she was in fact qualified for the MIT position. Because Nassar has failed to provide any evidence to support her contention that she was qualified for the MIT position, she has failed to establish this element of her prima facie case.

Assuming *arguendo* that Nassar demonstrated that she was qualified for the MIT

---

[2] Nassar signed a Sworn Affidavit in support of and attached to her complaint in which she affirmed the statements and facts in her complaint as true and accurate. Based upon the affidavit, the Court will consider the factual allegations in Nassar's complaint as competent summary judgment evidence. *Huckabay v. Moore*, 142 F.3d 233, 240 n.6 (5th Cir. 1998), *citing Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987).

position, she must also show either that the position she sought was filled by someone outside the protected class, or that she was otherwise not promoted because of her sex. In her complaint, Nassar alleges that the MIT position was filled by David Willinger, who was outside the protected class. According to the summary judgment evidence provided by Academy, Academy selected two males and two females for the MIT position during 2004. Two individuals, one male and one female, were selected in June 2004, and two individuals were selected in November and December 2004, one female and one male. Nassar did not express an interest in the position until August, and therefore could only have been considered for the two positions that were filled in late 2004. In November 2004, Academy promoted a female employee, Marie Maxwell, to MIT, and in December 2004, Academy promoted a male employee, David Willinger, to MIT. Academy's conduct in selecting both males and females for the position does not support an inference of gender discrimination. *See, e.g., Nieto v. L & H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997). Nassar has failed to provide any evidence that tends to show either that the position was filled by someone outside the protected class or that she was not promoted because of her sex. She has therefore failed to establish this essential element of a prima facie case. Because Nassar cannot establish a prima facie case of sex discrimination, Academy is entitled to judgment as a matter of law on this claim.

  Assuming that Nassar could establish a prima facie case, the burden shifts to Academy to articulate a legitimate, non-discriminatory reason for its decision. According to Academy, it did not promote Nassar to MIT because it selected other applicants who were more qualified. By stating the foregoing non-discriminatory reason, Academy has met its burden.

  The burden next shifts to Nassar to demonstrate that Academy's articulated reason is

merely a pretext for discrimination. In her complaint, Nassar simply asserts that the male employee who was given the position was less qualified and was less familiar with company policies and procedures. She does not articulate any factual basis for her conclusory allegation, nor does she provide any evidence that tends to show that she was a superior candidate for the MIT position. As the Fifth Circuit has held, more varied work experience and longer tenure do not establish that an applicant is clearly more qualified. *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002), *citing Nichols v. Lewis Grocer*, 138 F.3d 563, 568-69 (5th Cir. 1998). Nassar has failed to provide any evidence that tends to show that she is clearly more qualified. Even Nassar's subjective belief that Academy discriminated against her is questionable considering that in an email to the Human Resources Manager, she cited several reasons why she believed that she had not been selected for MIT, none of which was that she had been the victim of sex discrimination.[3] Nassar has failed to show that Academy's reason for not selecting her for MIT is pretextual. Because Nassar has failed to provide any evidence to support her claim that Academy discriminated against her based upon her gender, Academy is entitled to judgment as a matter of law on this claim.

*Demotion Claim Based Upon Sex Discrimination:*

Nassar contends that Academy discriminated against her based upon gender by demoting her and replacing her with a male employee. To establish a prima facie case of discrimination, the plaintiff must show that "she 1) is a member of a protected class; 2) was qualified for her position; 3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were

---

[3]*See infra* pp. 15-16 and note 7.

treated more favorably." *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005), citing *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001); *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir.1999).  If the plaintiff establishes a prima facie case, the burden shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action.  "Once the employer offers evidence of such a legitimate reason, the burden shifts back to the plaintiff-employee to raise a genuine issue of material fact that this non-discriminatory reason is merely pretextual." *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006).

     Academy claims that Nassar cannot establish a prima facie case because she cannot show that she was demoted or that she was qualified for the position.  According to Academy, Nassar was neither promoted to nor demoted from the position of Inventory Control Specialist.  In support of its contention, Academy provided its Employee Record Forms relating to Nassar which do not indicate a promotion when she was transferred to the ICS position.  Instead, the records indicate that she received an "internal transfer" from the position of "Merchandising/Receiving" to "ICS" effective December 28, 2003; an "internal transfer" from ICS to Customer Service Cashier effective November 21, 2004; and an "internal transfer" from Customer Service Cashier to Cashier Supervisor effective January 16, 2005.  Academy also provided an affidavit of Loretta Watkins, an Academy District Manager, in which Watkins stated that the transfer from ICS to Customer Service Cashier was not a demotion, and that Nassar did not receive a reduction in pay as a result of the transfer from ICS to Customer Service Cashier.  According to Watkins, Academy and Nassar "had a mutual understanding" that soon after Nassar was transferred from ICS to Cashier, "that [Nassar] would be transferred

. . . to the Cashier Supervisor position." (Def.'s Br., p. 7.) Because Nassar was transferred from Cashier to Cashier Supervisor less than two months later, Academy claims that Nassar cannot show that she was demoted. In addition, Academy contends that Nassar cannot show that she was qualified for the ICS position because Matt Smith, the Gulfport Store Director, indicated that Nassar had failed miserably[4] in her duties as an ICS.

In support of her contention that she was demoted, Nassar alleges that she was transferred from an important position as ICS to a less desirable position as Line Cashier, and after the transfer to Cashier, she was assigned to work the night shift. In addition, Nassar claims that she suffered a loss of income as a result of the transfer to Line Cashier. In support of her contention that she was qualified for the ICS position, Nassar alleges that "[p]rior to her demotion, [she] never received a corrective action from management as an Inventory Control Specialist." (Pl.'s Compl., ¶ 6.) She also alleges that she had received good performance ratings and had received annual performance bonuses.

The Fifth Circuit "has a strict interpretation of the adverse employment element of [plaintiff's] prima facie intentional discrimination case." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004).[5] The Fifth Circuit has held "as a matter of law, that under Title VII

---

[4]In Nassar's complaint, she stated that Loretta Watkins, the District Manager, had told her that she had "been a miserable failure as an Inventory Control Specialist." (Pl.'s Compl., ¶ 6., filed July 29, 2005.) This description appears to have originated from Matt Smith, the Store Director. In an email from Smith to Watkins, Smith noted that Nassar had failed miserably in a program that was supposed to be implemented by Nassar in her duties as an ICS. (Email from Smith to Watkins, dated Nov. 8, 2004, att. as Ex. E., Def.'s Mot. for Summ. J., filed Feb. 16, 2006.)

[5]Because this claim is a discrimination claim, and not a claim under the anti-retaliation provision, the applicable Fifth Circuit law is not changed by the U. S. Supreme Court's recent decision in *Burlington N. & Santa Fe Ry. Co. v. White*, ___ S.Ct. ____, 2006 WL 1698953

principles, an employment transfer may qualify as an 'adverse employment action' if the change makes the job 'objectively worse.'" *Pegram*, 361 F.3d at 283, *citing Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 770 (5th Cir.2001); *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir.1999) (stating that a plaintiff's subjective preference is irrelevant under Title VII; the proper standard is an objective one). "In order to overcome summary judgment, [Nassar] must show more than a mere lateral transfer; [s]he must present sufficient evidence that the transfer equated to a 'shift change that involves changes in duties or compensation or can objectively be characterized as a demotion.'" *Pegram*, at 284, *citing Hunt,* 277 F.3d at 770. Nassar has met this standard. Not only was she transferred to the night position, she was transferred to a position that she alleges is less desirable, and that Academy described as "less demanding." (Def.'s Br., p. 11.) In addition, despite Academy's contention to the contrary, Nassar alleges that she suffered a loss of income. Based upon these allegations, she has shown that the transfer from ICS to Line Cashier was an adverse employment action. She has therefore established this element of a prima facie case.

Next, she must show that she was qualified for the position of ICS. Although Nassar alleges that she never received a corrective action in her position as ICS, Academy provided a copy of a Corrective Interview, signed by Nassar, which she received on March 22, 2004, while employed as an ICS. (Corrective Interview, dated Mar. 22, 2004, att. as Ex. G, Def.'s Mot. for Summ. J.) In addition, Nassar acknowledges in her complaint that Watkins told her that she was being transferred from ICS to Cashier because she had "been a miserable failure as an Inventory Control Specialist." (Pl.'s Compl., ¶ 6.) Nassar also signed an email from

---

(June 22, 2006).

Smith to Watkins in which Smith discussed Nassar's performance failures as an ICS and the reasons for Nassar's transfer to Cashier. Nassar has failed to provide any evidence to support her contention that she was qualified for the position, and she has therefore failed to establish a prima facie case of discrimination. *Sreeram v. La. State Univ. Med. Ctr. - Shreveport*, 188 F.3d 314, 319-20 (5th Cir. 1999) (objective qualifications were insufficient to overcome evidence of plaintiff's "ability to perform under the rigorous conditions of third year residency.")

Out of an abundance of caution, the Court will assume that Nassar has established a prima facie case of discrimination. Thus, the burden shifts to Academy to show that it transferred Nassar to the position of Cashier for a legitimate, non-discriminatory reason. According to Academy, Nassar was transferred to Cashier because she "was not performing in a satisfactory manner as an ICS." (Def.'s Br., p. 11.) By stating the foregoing reason, Academy has met its burden.

Because Academy has articulated a legitimate, non-discriminatory reason, the burden shifts to Nassar to show that Academy's reason is pretextual. The Fifth Circuit has described this burden as follows:

> After a Title VII case reaches the pretext stage, the question for summary judgment is whether a rational fact finder could find that the employer discriminated against the plaintiffs on the basis of [gender]. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). "A prima facie case and sufficient evidence to reject the employer's explanation" may permit a trier of fact to determine that an employer unlawfully discriminated, and may therefore be enough to prevent summary judgment. *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). This showing, however, is not always enough to prevent summary judgment in favor of the employer. For instance, an employer would be entitled to summary judgment "if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination occurred." *Id.* Whether summary judgment is appropriate in any particular case depends on a variety

of factors, including "the strength of the prima facie case, the probative value of the proof that the employer's explanation is false and any other evidence that supports the employer's case and that properly may be considered." *Id*. We have said that summary judgment is inappropriate "if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [gender] was a determinative factor in the actions of which plaintiff complains." *Vadie v. Mississippi State University*, 218 F.3d 365, 373 (5th Cir. 2000), *cert. denied*, 531 U.S. 1150, 121 S.Ct. 1092, 148 L.Ed.2d 966 (2001).

*Pratt*, 247 F.3d at 606-07. "[P]roof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146-47, 120 S.Ct. 2097, 2108, 147 L.Ed. 2d 105 (2000) (citation omitted). "In other words, '[i]t is not enough . . . to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.'" *Reeves*, 530 U.S. at 147, 120 S.Ct. at 2108 (citation omitted). The employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief. *Portis v. First Nat'l Bank of New Albany, Miss.,* 34 F.3d 325, 329 (5th Cir. 1994); *Waggoner v. City of Garland,* 987 F.2d 1160, 1163 (5th Cir. 1993). Additionally, "'conclusory allegations, speculation and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002), *quoting Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

In her complaint, Nassar simply alleges that "that if her performance had in fact been substandard, she would not have received positive evaluations nor would she have received performance bonuses." (Pl.'s Compl., ¶ 7.) Nassar has failed, however, to provide any evidence that tends to show that Academy's reason for transferring her to Cashier is untrue. In

addition, Nassar has failed to provide any evidence, aside from her own subjective belief, from which a trier of fact could determine that Academy unlawfully discriminated against her. For this reason, Academy is entitled to judgment as a matter of law on this claim.

*Retaliation Claims:*

Nassar contends that Academy retaliated against her in November 2004 by demoting her to a night shift position as Line Cashier after she filed a grievance for Academy's failure to promote her to an MIT position. She also contends that Academy retaliated against her by terminating her employment immediately after she filed an EEOC complaint. To establish a prima facie case of retaliation, Nassar must prove the following:

> (1) that [s]he engaged in activity protected by Title VII; (2) that [s]he suffered an adverse employment action;[6] and (3) that a causal connection exists between the protected activity and the adverse employment action.

*Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000), *citing Webb v. Cardiothoracic Surgery Assoc.*, 139 F.3d 532, 540 (5th Cir. 1998). "'[T]o establish a *prima facie* case, a plaintiff need only make a very minimal showing.'" *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996), *quoting Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir.1985). If Nassar establishes a prima facie case, "the burden then

---

[6]The United States Supreme Court recently held that a plaintiff need not show that the challenged action is employment-related. *Burlington N. & Santa Fe Ry. Co. v. White*, ___ S.Ct. ____, No. 05-259, 2006 WL 1698953, slip op. at 10 (June 22, 2006). Instead, the plaintiff need only show that she suffered a materially adverse action from the perspective of a reasonable person. In other words, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *White*, 2006 WL 1698953, slip op. at 10, *quoting Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006), *quoting Washington v. Ill. Dep't of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005) (internal quotations omitted).

13

shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the employment action." *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002), *citing Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001).  "If the defendant satisfies this burden, the plaintiff must prove that the employer's stated reason for the adverse action was merely a pretext for the real, discriminatory purpose." *Gee*, 289 F.3d at 345, *citing Aldrup*, 274 F.3d at 286.

Academy claims that Nassar cannot establish a prima facie case because she did not engage in protected activity, and because she did not suffer an adverse employment action. According to Academy, Nassar emailed a letter to the Human Resources Manager in which she complained about two incidents, one of which was Academy's failure to promote her to MIT. Academy contends that because Nassar did not complain about gender discrimination in her letter, she did not engage in a protected activity.  In addition, Academy claims that Nassar was not demoted but was instead transferred to a lateral position; for this reason, Academy argues that Nassar did not suffer an adverse employment action.

Nassar contends that Academy retaliated against her on two occasions.  The first was on November 18, 2004, and the second on April 1, 2005.  Regarding the first incident, Nassar alleges in her complaint as follows:

> . . . Plaintiff asserts that it was retaliatory discrimination when on or about October 4, 2004 she filed her grievance for failure to promote issue and then on November 18, 2004, she was demoted from an important position of I.C.S. and relegated to that of a Line Cashier on night shift.

(Pl.'s Compl., ¶ 15.)  Nassar contends that Academy retaliated against her a second time by terminating her employment.  According to Nassar, Academy terminated her employment on April 1, 2004, because she filed an EEOC complaint in December 2004.

To establish the first element, that she was engaged in a protected activity, a Title VII plaintiff must show that she has "(1) '*opposed* any practice made an unlawful employment practice by this subchapter,' or (2) 'made a charge, testified, assisted, or *participated* in any manner in an investigation, proceeding, or hearing under this subchapter." *Byers*, 209 F.3d at 427-28, *citing* 42 U.S.C. § 2000e-3(a). Regarding the November 2004 demotion, Nassar does not contend that she participated in an investigation or proceeding; thus, she must show that she opposed some employment practice made unlawful under Title VII. To establish this element, Nassar need not show that the conduct about which she complained was actually unlawful; she need only show that she "had 'a reasonabl[e] belief that the employer was engaged in unlawful employment practices.'" *Byers*, 209 F.3d at 428, *citing Payne v. McLemore's Wholesale & Retail Stores,* 654 F.2d 1130, 1140 (5th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1630, 71 L.Ed.2d 866 (1982); *and Harvey v. Chevron USA, Inc.,* 961 F.Supp. 1017, 1032 (S.D. Tex.1997) (holding that a showing of subjective good faith alone is insufficient).

In an email dated August 26, 2004,[7] Nassar complained to the Human Resources Manager about two "instances" that occurred at the Gulfport store. One of the "instances" was Academy's failure to promote her to the MIT position. As noted above, to establish the first element of a prima facie case, Nassar must show that she opposed some employment practice made unlawful under Title VII. In her email to Perkins, Nassar does not state that Academy failed to promote her because of her gender. Instead, she complains about Academy's decision

---

[7]In Nassar's complaint, she alleges that she filed a grievance on October 4, 2004. The email in which she complained about Academy's failure to promote her is actually dated August 26, 2004, but was sent by facsimile to Jim Perkins on October 4, 2004.

to hire new employees for the MIT position rather than hiring from within the company. Nowhere in her email does she state that she believes Academy's conduct in doing so is unlawful or otherwise constitutes discrimination. Nassar has therefore failed to show the existence of a material fact question that she engaged in a protected activity. Because she cannot establish this element, she has failed to establish a prima facie case on her retaliation claim arising out of Academy's decision to transfer her from ICS to Cashier.

With regard to the second incident of retaliation, Nassar contends that Academy terminated her employment because she filed an EEOC complaint. Academy does not dispute that Nassar filed an EEOC complaint on December 23, 2004. Based upon Nassar's allegation that she filed an EEOC complaint, she has shown that she engaged in protected activity. Next, Nassar must show that she suffered an adverse employment action. It is undisputed that Academy terminated her employment on April 1, 2005. Nassar has therefore established this element. Lastly, she must show a causal connection between the protected activity and her termination. "The causal link required by the third prong of the prima facie case does not rise to the level of a 'but for' standard." *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002), *citing Raggs v. Miss. Power & Light* Co., 278 F.3d 463, 471 (5th Cir. 2002)*.* "The plaintiff 'need not prove that her protected activity was the sole factor motivating the employer's challenged decision in order to establish the "causal link" element of a prima facie case.'" *Gee*, 289 F.3d at 345, *quoting Long v. Eastfield Coll.*, 88 F.3d 300, 305 n. 4 (5th Cir.1996) (citation omitted). The only causal connection mentioned in Nassar's complaint is that the termination occurred "immediately after" she filed the EEOC complaint. Based upon this allegation, it appears that Nassar claims that the closeness in time between her EEOC complaint and her termination

establishes the causal link.  "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation."  *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997), *citing Armstrong v. City of Dallas,* 997 F.2d 62, 67 (5th Cir.1993).  As noted by the Fifth Circuit, "'a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes.'"  *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (citations omitted); *see also Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 995 (2005); *but cf. Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (suggesting that a time lapse of three to four months is insufficient to show a causal connection).  It is undisputed that Nassar filed an EEOC complaint on December 23, 2004, and was discharged on April 1, 2005, less than four months later.  Because less than four months passed between Nassar's complaint and her termination, the Court will assume that Nassar has established a causal connection.

Assuming then that Nassar has established a prima facie case, the burden shifts to Academy to show a legitimate, non-discriminatory reason for the adverse employment action.  Academy asserts that it terminated Nassar because she violated Academy's employee discount policy.  By stating the foregoing reason for the termination, Academy has met its burden in showing a legitimate, non-discriminatory reason for terminating Nassar's employment.

Next, the burden shifts to Nassar to "demonstrate a material issue of disputed fact as to whether [Academy's] proffered explanation was merely a pretext for retaliation."  *Gee v. Principi*, 289 F.3d 342, 347 (5th Cir. 2002).  "A factfinder may infer the ultimate fact of retaliation from the falsity of the explanation."  *Gee*, 289 F.3d at 348, *citing Reeves v.*

17

*Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-48, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). "In such cases, a plaintiff may withstand a motion for summary judgment without adducing additional, independent legit evidence of retaliation." *Gee*, at 348. In this case, Nassar has failed to provide any evidence from which a jury may infer that Academy retaliated against her, in whole or in part, because she filed an EEOC complaint. Assuming that Nassar suggests the close timing between the filing of an EEOC complaint and her termination supports the inference of pretext, Nassar has failed to meet her burden. As noted above, "[c]lose timing between an employee's protected activity and an adverse action against h[er] may provide the 'causal connection' required to make out a *prima facie* case of retaliation." *Swanson*, 110 F.3d at 1188 (citation omitted). "However, once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive." *Swanson*, at 1188. Because Academy has offered such a legitimate, nondiscriminatory reason, Nassar must offer some evidence that tends to show that retaliation was the true motive, or at least a motivating factor. Nassar has failed to meet her burden. Nassar has not provided any evidence that tends to show that the reason cited by Academy for terminating her employment was false, or that retaliation was a motivating factor. "Without more than timing allegations, and based on [Academy's] legitimate, nondiscriminatory reason in this case, summary judgment in favor of [Academy] [i]s proper." *Roberson*, 373 F.3d at 656 (citations omitted).

## CONCLUSION

After careful consideration of Academy's Motion for Summary Judgment, the pleadings, summary judgment evidence and the relevant authority, the Court is of the opinion

that because Nassar has not alleged racial discrimination, her § 1981 claim must be dismissed. In addition, Nassar has failed to produce any evidence to create a fact issue on her claims that Academy discriminated against her based upon gender by failing to promote her to MIT, and by demoting her from ICS to Cashier.  Nassar has also failed to show the existence of a material fact question that she engaged in a protected activity with regard to her retaliation claim arising out of Academy's decision to transfer her from ICS to Cashier.  Lastly, Nassar has failed to provide any evidence to support her claim that Academy's reason for terminating her employment was a pretext for discrimination.  For these reasons, Academy is entitled to judgment as a matter of law on these claims.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Plaintiff's § 1981 claim must be **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendant for Summary Judgment pursuant to FED. R. CIV. P. 56(b) [11]  should be, and is hereby **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE